**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RICK D. LEICHNER,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**CASE NO. 2:09-CV-110**
**CRIM. NO. 2:07-CR-155**
**JUDGE GREGORY L. FROST**
**Magistrate Judge E.A. Preston Deavers**

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant motion, respondent's return of writ, petitioner's reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**FACTS and PROCEDURAL HISTORY**

Petitioner's underlying criminal conviction on conspiracy to cultivate more than 1,000 marijuana plants in violation of 21 U.S.C. § 846 is the result of his January 9, 2008, negotiated guilty plea agreement. See Doc. Nos. 39, 42. On May 15, 2008, Petitioner filed a motion to withdraw his guilty plea. Doc. No. 54. On June 9, 2008, the Court denied Petitioner's motion. Doc. No. 59, 60. On June 26, 2008, the Court sentenced Petitioner to 120 months imprisonment plus five years supervised release. Doc. Nos. 63, 64. Petitioner filed a timely appeal. Doc. No. 66. On August 4, 2008, however, the Court of Appeals dismissed his appeal for want of prosecution. Doc. No. 74.

On February 17, 2009, Petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He asserts as follows:

1. Ineffective assistance of counsel. Defense counsel failed to research the facts of the case and relevant case law.

2. Defendant was wrongfully sentenced as only jury found facts could be utilized at sentencing.

It is the position of the Respondent that Petitioner's claims are without merit.

**MERITS**

**A. Claim One**

In claim one, Petitioner complains that his recommended sentence under the United States Sentencing Guidelines improperly was enhanced two points for possession of a firearm under U.S.S.G. §2D1.1(b)(1) of the United States. *See PreSentence Investigation Report*, at ¶44. Petitioner contends that, if his attorney had properly investigated his case, he would have learned that the firearm(s) at issue had no connection to the illegal drug activity.[1] Petitioner contends that he thereby was denied effective assistance of counsel

[1] Petitioner states that

> The firearm was within the defendant's three bay garage but on the opposite side of the area in which the drugs were found. It was there to protect the defendant's chickens that were located in an adjacent structure and not as part of any illegal activity.
>
> ***
>
> [T]he firearm within defendant's garage was, though in the same structure, not within close proximity or connected to the drug activity as is required. Rather it was positioned on the opposite side of the structure where it was ideally located for its intended purpose – shooting the predators that were devastating the defendant's chickens.

because his attorney was unable to accurately advise him regarding his guilty plea and failed to object to the enhancement of Petitioner's sentence on this basis. Petitioner's claim is plainly without merit.

It has long been established that the right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984)(quoting *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970)). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*

---

*Petition,* at 9-10.

at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 697. Because a petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

As noted by Respondent, Petitioner agreed, pursuant to the terms of his plea agreement, in relevant part that he "should receive a two-level enhancement based on his possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1)(C)." *Guilty Plea Agreement,* Doc. No. 39, at 4. At the time of his hearing regarding his guilty plea, Petitioner indicated that his attorney had fully advised him on the nature and meaning of the charges, as well as any possible defenses, and he was satisfied with his attorney's advice and representation. *Guilty Plea Hearing,* at 6. He understood that he faced a mandatory minimum term of ten years incarceration on Count 1, and that the Court could impose the maximum penalty of life in prison. *Id.* at 7-9. He had discussed with his attorney how the advisory Sentencing Guidelines might apply in his case and understood that the Court was not bound by any stipulation of facts. *Id*. at 11-12. He understood that the Court had the authority to impose a sentence that was more or less severe than that recommended under the advisory sentencing guidelines. *Id*. at 12. He understood that if his sentence was more severe than he expected, he would still be bound by his guilty plea. *Id*. The terms of Petitioner's guilty plea were read on the record, and Petitioner indicated his agreement with those terms. *Id*. at 19.

U.S.S.G. § 2D1.1(b) provides that, if a dangerous weapon was possessed,[2] the recommended sentence shall be increased two levels. Application Note 3 provides:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

Petitioner did not argue, and the record does not provide a basis to find, that it was "clearly improbable" that the weapon located within the same structure of the drug activity, was connected with the offense charged:

> The defendant, at his residence at 9850 Big Plain Circleville Road in London, Ohio had vie [*sic*] weapons, of which one has an obliterated serial number. Also found there were over 600 marijuana plants, 150 clone plants and 120 h arrested [*sic*] root systems. At the search of 1840 State Route 56 NW, in London, Ohio, agents seized a personal amount of marijuana, $192,483.98 in U.S. currency, six handguns and two long guns. A loaded .45 caliber pistol was found in a nightstand next to the bed in the master bedroom.

*PreSentence Investigation Report*, at ¶43; *Guilty Plea Transcript*, at 24. Additionally, inside the detached three car garage at that same location

> was what one of the agents described as one of the best indoor grows he's ever seen. There were a lot of lights, an elaborate electrical system, and elaborate irrigation system, and inside the garage, they found 600 plants growing. They found another... 150 plants that had recently been cloned. And there were... about 120 plants that had recently been harvested and

---

[2] Petitioner acknowledges that he possessed a firearm, but argues that it was not "in any way" connected to his drug activity.

> were in the process of being dried.... that's over the 1,000 plants that were the subject of the indictment.
>
> Also inside the garage, on a metal shelf, near one of the doors, was a Titan .25 caliber semiautomatic pistol with six rounds in the magazine, and this weapon had an obliterated serial number....
>
> The officers also found evidence that, on August 7, 2004, the residence at big Plain Circleville Road had been purchased by Ted and Josie Elgin with a $77,000 down payment. The Elgins... indicated that ... Mr. Leichner had requested them to put the residence in their name because he had been having... some domestic difficulties. He supplied the $77,000 down payment.

*Transcript, Guilty Plea*, at 24-26.[3] Despite Petitioner's protestations now to the contrary, his attorney did investigate and argued on his behalf that the guns were not connected to drug activity. Defense counsel filed objections to the enhancement of Petitioner's sentence on these grounds, arguing that

> Leichner kept the firearms for killing varmints. There is no evidence in this case that he was ever seen in possession of a firearm while engaged in a drug transaction or that he used a firearm in any manner to facilitate the growing and distribution of marijuana. Under the circumstances, any connection between the presence of the firearms and the marijuana grow operation is speculative. The two level enhancement should therefore be deleted.

*Objections to PreSentence Investigation Report*. The Court overruled Petitioner's objection.

> For purposes of the § 2D1.1(b)(1) sentencing enhancement, the Sixth Circuit has held that "[a] defendant constructively possesses a gun if he has ownership, dominion or control over the firearm itself, or dominion over the premises where the

[3] Petitioner agreed with these facts. *Transcript, Guilty Plea,* at 30.

> firearm is located." *United States v. Galvan*, 453 F.3d 738, 742 (6th Cir. 2006), citing *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir. 1991) (internal quotations omitted). Relying upon the logic of an Eighth Circuit case, the Sixth Circuit in *United States v. Snyder*, 913 F.2d 300, 304 (6th Cir. 1990) elaborated upon the "ownership, dominion or control" logic as follows:
>
> > The fact that a gun is located within a room that is not the center of drug transactions does not preclude the possibility that a drug dealer intended to use it to support his operations.... The key is always whether the placement of the gun or guns suggests they would be quickly available for use in an emergency.
>
> *Snyder,* 913 F.2d at 304, quoting *United States v. Lyman*, 892 F.2d 751, 754 n. 4 (8th Cir. 1989).
>
> Sixth Circuit case law is replete with instances where § 2D1.1(b)(1)'s two-level enhancement was applicable under circumstances indicating less than actual, physical possession of a firearm by the defendant. In *United States v. Faison*, 339 F.3d 518, 519 (6th Cir. 2003), the defendant was deemed to be in possession not only of the pistol found in his home, but also the pistol found in his wife's vehicle. In *United States v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007) the defendant was arrested while a guest in another co-defendant's residence, and was found to be in possession of a pistol belonging to the co-defendant located in the room where he was arrested- which he alleged he had no knowledge of. In *United States v. Calhoun*, 49 F.3d 231, 237 (6th Cir. 1995), though the defendant was arrested at her front door, she was found to be in possession of a loaded shotgun hidden under the bed in another room. And finally, in *United States v. Webb*, 335 F.3d 534, 537 (6th Cir. 2003), both co-defendants were found to be in possession of a handgun found in their store-where they were fencing stolen goods in exchange for drugs- which they alleged they did not even know was there.

*United States v. Seay,* 708 F.Supp.2d 627, 630 (E.D. Mich. 2009). "Constructive possession

of an item is the 'ownership, or dominion or control' over the item itself, 'or dominion over the premises' where the item is located." *United States v. Pruitt*, 156 F.3d 638 (6th Cir. 1998)(citation omitted.) In this case, Petitioner clearly had possession of the weapons for purposes of sentence.

Further, Petitioner could not establish that it was "clearly improbable" that the weapons at issue were connected to the offense. Application Note 3 to U.S.S.G. § 2D1.1(b). Petitioner argues that enhancement of his sentence for possession of a firearm was improper because he did use or carry the firearm(s) at issue as required for a conviction under 18 U.S.C. § 924(c). *See Petitioner's Reply.* However, "[i]n *Bailey* [*v. United States,* 516 U.S. 137 (1995)], . . . the Supreme Court expressly distinguished the applicability of § 2D1.1(b)(1)'s enhancement for possession from the analysis of carrying or using a firearm under § 924(c)." *Morrow v. United States*, 178 F.3d 1295 (6th Cir. April 6, 1999)(citing *Bailey*, 516 U.S. at 150).

For all these reasons, Petitioner has failed to show that he was denied the effective assistance of counsel due to his attorney's failure to investigate the firearms issue, or that he was prejudiced thereby, as required under *Strickland*. Claim one is without merit.

**B. Claim Two**

In claim two, Petitioner complains that his sentence was unconstitutionally enhanced for under U.S.S.G. § 2D1.1(b) for possession of a firearm because the judge imposed the sentence enhancement based upon a preponderance of evidence, rather than a jury finding these facts beyond a reasonable doubt. This claim likewise is plainly without

merit. Unlike the requirement for a conviction under § 924(c), "[a]n enhancement under § 2D1.1 is proper... if the government establishes, by a preponderance of the evidence, that 1) the defendant possessed a dangerous weapon 2) during the commission of a drug trafficking offense." *United States v. Moses*, 289 F.3d 847, 850 (6th Cir. 2002).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date: January 10, 2011